IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TISEO ARCHITECTS, INC.                    )
a Michigan Corporation                    )            The Honorable;
                                          )            Civil Action Number;
                      Plaintiff,          )
                                          )
v.                                        )
                                          )
NC DESIGNERS & CONTRACTING,               )
INC., a Michigan Corporation; ADNAN       )
H. AL-SAATI, an individual; CHASE         )
ROAD BUILDING, LLC, a Michigan            )
Limited Liability Company; WILL           )
CARLETON & 275 BUILDING, LLC,             )
A Michigan Limited Liability Company      )
                                          )
                      Defendants          )
_____)

Frederick F. Butters (P45426)
Attorney for Plaintiff
FREDERICK F. BUTTERS, PLLC                    .
26677 West 12 Mile Road
Southfield, Michigan 48034
(248) 357-0831
(248) 357-0832 (fax)
fred@butters-law.com

_____

**COMPLAINT**

_____

There is no other pending or unresolved civil action between these parties or other parties arising out of the same or similar transactions and/or occurrences as alleged in this complaint.

## I.   Jurisdiction and Venue

1.      This claim arises from **17 USC § 101, et. seq**. (the US Copyright Statute) and **15 U.S.C. § 1051, et seq**. (the Lanham Act) such that Federal Question jurisdiction and venue are appropriate in this Court.

2.      This claim concerns a design and construction project located in Carleton, Wayne County, Michigan arising out multiple infringements of the Plaintiff's copyright

## A.   The Parties

## 1.   The Plaintiff

3.      Tiseo Architects, Inc. (hereinafter "Tiseo") is a corporation formulated and existing under the auspices of the laws of the State of Michigan

4.      At all times relevant hereto Tiseo maintained a principal place of business and conducted continuous and systematic business within the geographical confines of the United States District Court for the Eastern District of Michigan

## 2.   The Defendants

5.      Defendant "NC Designers and Contracting, Inc." (hereinafter "NC" is a corporation formulated and existing under the auspices of the laws of the State of Michigan.

6.      At all times relevant hereto NC maintained a principal place of business and conducted continuous and systematic business within the geographical confines of the United States District Court for the Eastern District of Michigan.

7.      Defendant Adnan H Al-Saati (hereinafter "Al-Saati") is an individual.

8.      At all times relevant hereto Al-Saati resided and conducted continuous and

2

systematic business within the geographical confines of the United States District Court for the Eastern District of Michigan.

9.     Defendant Chase Road Building, LLC (hereinafter "Chase") is a Limited Liability Company formulated and existing under the auspices of the laws of the State of Michigan.

10.     At all times relevant hereto Chase maintained a place of business and conducted continuous and systematic business within the geographical confines of the United States District Court for the Eastern District of Michigan.

11.     Defendant Will Carleton & 275 Building, LLC (hereinafter "Will Carleton") is a Limited Liability Company formulated and existing under the auspices of the laws of the State of Michigan.

12.     At all times relevant hereto Will Carleton maintained a place of business and conducted continuous and systematic business within the geographical confines of the United States District Court for the Eastern District of Michigan.

## II.   General Allegations Common to all Counts

### A.   Overview

13.     Tiseo is in the business of offering architectural and related design services to the public in exchange for financial remuneration.

14.     Tiseo contracted with defendant Chase for the preparation of architectural design and related work for a gas station, truck stop and convenience store to be located in Carleton, Wayne County, Michigan (hereinafter "the Project").

15.     As the Project required municipal approvals, Tiseo must first prepare the

3

documents necessary for initial municipal site plan review.

16.     Tiseo in fact prepared the necessary architectural design and related work for the site plan review approvals for the Project and Tiseo pursuant to the US Copyright Statute is the author and owner of copy and use rights in that architectural and related design work intended to be utilized to complete the Project (Exhibit "A").

17.     Tiseo thereafter offered to contract with Chase for the preparation of the documents and design work product for the construction documents necessary to complete the Project (Exhibit "B").

18.     Defendant Chase refused to contract with Tiseo for the preparation of the construction documents, noting through its representative Ali Ajami that they would just have the contractor prepare the construction documents for the Project since they would prepare them "for free".

19.     The Tiseo documents for the site plan approval documents for the Project bear a copyright warning notifying those who come into contact those documents that Tiseo owns the copyright and the unauthorized use and / or reuse of the design work is prohibited

20.     On or about April 15, 2025, Tiseo caused its copyright to be registered with the United States Copyright Office.  Certificate of Registration VA 2-458-779 was issued by the United States Copyright Office with an effective date of April 15, 2025.  A copy of the Certificate of Registration is appended hereto as Exhibit "C".

21.     On information and belief defendant Will Carleton is an LLC created for the purpose of owning and operating the completed Project

4

22.     On information and belief defendant Chase and defendant Will Carleton, while separate and distinct limited liability companies, are under common ownership, operation and control.

23.     On information and belief defendant NC was hired by either defendant Chase or defendant Will Carleton as contractor to construct the project.

24.     On information and belief defendant NC is the contractor Ali Ajami represented to Tiseo would be engaged to prepare the construction documents for the Project "for free".

25.     On or about August 27, 2025, defendant NC and defendant Will Carleton applied for a building permit for the Project to Ash Township, Carleton, Michigan, seeking municipal approval to construct the Project appended hereto as Exhibit "D".

26.     The August 27, 2025, building permit application was accompanied by construction documents for the Project

27.     The construction documents for the Project bear a title block indicating defendant NC's address, phone number and logo.

28.     When construction documents are submitted for building permit application and approval on a commercial project they must be sealed by a design professional licensed in the State of Michigan

29.     The construction documents accompanying the August 27, 2025, building permit application bear the seal of defendant Al-Saati as evidenced by Exhibit "E".

30.     When a licensed design professional places his or her seal on a document he or she is representing that the document was either prepared by the design

5

professional personally, or under his or her immediate and direct supervision and control.

31.     Defendant Al-Saati has therefore stated and affirmed that the construction documents accompanying the August 27, 2025, building permit application were either prepared by him personally or were prepared under his direct supervision and control.

### B.   The Nature of Tiseo's Rights

32.     Pursuant to **17 USC § 101(a)** copyright protection subsists in original works of authorship fixed in any tangible medium of expression from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device.

33.     Pursuant to **17 USC § 101(a)(8)** works of authorship include architectural works.

34.     Copyright protection therefore extends to the Tiseo documents prepared for site plan approval for the Project.

35.     Pursuant to **17 USC § 101**, an "architectural work" is the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design but does not include individual standard features.

36.     Therefore, the Tiseo copyright exists in the form of design of the Project and related documents as well as the construction of the Project itself.

37.     Pursuant to **17 USC § 106** Tiseo therefore holds the exclusive right to produce and exploit copies of the copyrighted architectural work product for the Project

6

at issue herein.

38.     Any preparation of a direct copy, or a substantially similar copy coupled with access to the original Tiseo work therefore constitutes an infringement of a copyright

39.     As Tiseo has not transferred, sold or conveyed its exclusive rights, directly copying the Tiseo copyrighted work product, preparing substantially similar copies, or preparing derivative works similar without license or permission is therefore inconsistent with, and a violation of Tiseo's exclusive rights.

## C.   Access to Tiseo's Copyrighted Documents

40.     In the ordinary course of business Tiseo's copyrighted documents were furnished to defendant Chase for purposes of applying for site plan approval for the Project.

41.     As defendant NC agreed to prepare the construction documents for the Project, defendant Chase provided copies of Tiseo's copyrighted documents to defendant NC for that purpose.

42.     Defendant NC in turn provided defendant Al-Saati with copies of Tiseo's copyrighted documents so that defendant Al-Saati couple prepare the construction documents for the Project.

43.     When defendant Ai-Saati completed the construction documents for the Project he provided copies bearing his seal to defendant NC and defendant Will Carleton so that they could make the August 27, 2025, building permit application.

44.     Therefore, defendant Chase, defendant NC, defendant Ai-Saati and defendant Will Carleton all had access to Tiseo's copyrighted documents.

7

### D.   The Nature of the Illicit Copies

45.   The design for the Project prepared by Defendant(s) Ai-Saati and NC for the construction of the Project by Defendant(s) Chase, NC and Will Carleton is either to identical or substantially similar to the copyrighted work product prepared by Tiseo, including in, but not limited to the following particulars;

A.   Th design for the site is identical

B.   The dimensions fixing the location of the building on the site are identical

C.   The location of the dimensions on the plan is identical

D.   The number of truck parking spaces is identical

E.   The location of truck parking spaces is identical

F.   The number of truck fueling spaces is identical

G.   The location of truck fueling spaces is identical

H.   The number of car parking spaces is identical

I.   The location of car parking spaces is identical

J.   The number of car fueling stations is identical

K.   The location of car fueling stations is identical

L.   The location of access drives connecting the parking lot to Will Carleton Road is identical

M.   The size of access drives connecting the parking lot to Will Carleton Road is identical

N.   The location of site signage is identical

O.   The number of landscaping elements is identical

P.   The location of landscaping elements is identical

Q. The location of the truck scale is identical

R. The allotted size for the truck scale is identical

S. The configuration of the drive lanes is identical

T. The size of the drive lanes is identical

U. The location of the trash receptacle enclosure is identical

V. The number of cars the drive through is designed to accommodate is identical

W. The location of the drive through lane is identical

X. The number of site lighting fixtures is identical

Y. The location of site lighting fixtures is identical

Z. The location of the notes describing the features of the site design is identical

AA. The text of the notes describing the features of the site design is identical

BB. The dimensions of the building are identical

CC. The number of doors to the building are identical

DD. The location of the doors to the building are identical

EE. The sizes of the doors to the building are identical

FF. The number of windows in the building are identical

GG. The location of the windows is identical

HH. The sizes of the windows are identical

II. The heights of the various elements of the building are identical

JJ. The number exterior features are identical

KK. The location of exterior features is identical

LL.    The materials for the construction of the building are identical

MM.    The location of the cashier station is identical

NN.    The size of the cashier station is identical

OO.    The location of the office is identical

PP.    The size of the office is identical

QQ.    The location of the toilet room is identical

RR.    The size of the toilet room is identical

SS.    The layout of the toilet room is identical

TT.    The location of the storage room is identical

UU.    The size of the storage room is identical

VV.    The location of the walk-in cooler is identical

WW.    The size of the walk-in cooler is identical

XX.    The location of the men's room is identical

YY.    The size of the mem's room is identical

ZZ.    The layout of the men's room is identical

AAA.    The location of the women's room is identical

BBB.    The size of the women's room is identical

CCC.    The layout of the women's room is identical

DDD.    The location of the kitchen is identical

EEE.    The size of the kitchen is identical

FFF.    The layout of the kitchen is identical
GGG.    The location of the restaurant is identical

HHH.    The size of the restaurant is identical

10

III.    The layout of the restaurant is identical

JJJ.    The location of the seating area is identical

KKK.    The size of the seating area is identical

LLL.    The layout of the seating area is identical

MMM.    The location of the carryout and drive through restaurant is identical

NNN.    The size of the carryout and drive through restaurant is identical

OOO.    The layout of the carryout and drive through restaurant is identical

PPP.    The location of the retail area is identical

QQQ.    The size of the retail area is identical

RRR.    The layout of the retail area is identical

SSS.    The location of the notes describing the features of the design of the building is identical

TTT.    The text of the notes describing the features of the design of the building is identical

46.    Each of the foregoing enumerated design features, alone, or in any combination with any or all of the others, as well as other features not enumerated, constitute all or part of the overall form as well as the arrangement and composition of spaces and elements in the Project design, and create protectable elements to which the Tiseo copyright extends.

47.    In every respect the design and construction of the Project either duplicates or is substantially similar to the copyrighted Tiseo design.

**Count I**
**Copyright Infringement against Defendant Ai-Saati**

11

48.     Tiseo incorporates the substance of paragraph(s) 1 through 47 above, as if such were set forth and repled verbatim herein.

49.     On information and belief, Al-Saati's express intent for the design and construction of the Project was to design and construct a duplicate of the copyrighted Tiseo design.

50.     As his seal attests, defendant Ai-Saati personally prepared the construction documents for the Project and/or supervised their preparation, after which he sealed the documents as a professional engineer licensed in the State of Michigan.

51.     Comparing the overall construction documents defendant Ai-Saati prepared to the copyrighted Tiseo design it is apparent the defendant Al-Saati documents are either a direct copy of the Tiseo design, or at a minimum are substantially similar

52.     Defendant Ai-Saati willfully and intentionally prepared designs and documents for the Project, knowing that the design was a direct copy of a design copyright held by Tiseo, a wrongful copyright infringement that caused damage to Tiseo.

53.     In the alternative, defendant Ai-Saati willfully and intentionally prepared designs and documents for the Project, knowing that the design was substantially similar to a design copyright held by Tiseo, a wrongful copyright infringement that caused damage to Tiseo.

54.     Including in but not limited to the above enumerated particulars, defendant Al-Saati, by directly copying the Tiseo design work product for the Project and/or accessing it and preparing substantially similar versions, has prepared copies of the plans, drawings, and architectural works protected by registration VA 2-458-779, in

contravention of Tiseo's exclusive rights under **17 USC § 106**, and is subject therefore to damages in favor of Tiseo as provided in the US Copyright Statute.

55.     Occasioned on the infringement of its exclusive copyrights including in but not limited to the particulars as set out above, Tiseo has sustained and will sustain financial injury and damage.  Pursuant to the US Copyright Statute, its remedies include;

A.     An order pursuant to **17 USC § 503(a)(1)** impounding and disposing of all infringing copies of the work product at issue together with an order enjoining any further non-authorized use of the Tiseo copyrighted designs; and

B.     Recovery of the infringer's profits together with actual Tiseo damages pursuant to **17 USC § 503(a)(1)** and/or because the infringement was intentional, statutory damages pursuant to **17 USC § 503(a)(2)**; and

C.     Recovery of costs and reasonable attorney's fees pursuant to **17 USC § 505**

**WHEREFORE** Plaintiff **TISEO ARCHITECTS, INC.** respectfully prays for judgment in its favor and against Defendant Adnan H. Al-Saati in an amount as borne by the evidence, together with an order that all infringing copies be impounded and disposed of, an order prohibiting any and all further infringement, and an order taxing to Defendant Al-Saati all costs and Attorney's fees wrongfully incurred in the course of formulating and prosecuting this cause.

**Count II**
**Copyright Infringement against Defendant NC**

56.     Tiseo incorporates the substance of paragraph(s) 1 through 55 above, as if such were set forth and repled verbatim herein.

49.     On information and belief, NC's express intent for the design and construction of the Project was to design and construct a duplicate of the copyrighted

Tiseo design.

50.     On information and belied defendant NC is the contractor who Chase representative Ali Ajami indicated would prepare the construction documents for the Project "for free".

51.     Defendant NC contracted with, hired, or otherwise retained defendant Al-Saati for purposes of preparing the construction documents for the Project.

52.     Defendant Al-Saati was therefore an agent of defendant NC who prepared the construction documents for the Project on its behalf so NC could provide the construction documents to defendant Chase.

53.     Defendant NC is responsible for the conduct of its agent Al-Saati to the extent his acts were committed within the scope of the agency.  As contractor, defendant NC is also responsible for the actual construction of the Project.

54.     NC is liable up to the full value of its property for any wrongful acts or misconduct committed by any of its officers, shareholders, agents or employees while they are engaged on behalf of the corporation.

55.     Although defendant Ai-Saati personally prepared the construction documents for the Project and/or supervised the preparation thereof, he did so at the behest of defendant NC and within the scope of an agency relationship with defendant NC.

56.     The completed construction documents bear an NC title block, with NC address and contact information, which establishes NC participation in and ownership of their preparation.

14

57.     Comparing the overall NC construction documents and the actual construction to the copyrighted Tiseo design it is apparent that the documents are either a direct copy of the Tiseo design, or at a minimum are substantially similar.

58.     Defendant NC willfully and intentionally prepared designs and documents for the Project, and actually constructed the Project, knowing that the design was a direct copy of a copyrighted design owned by Tiseo, a wrongful copyright infringement that caused damage to Tiseo.

59.     In the alternative, defendant NC willfully and intentionally prepared designs and documents for the Project, and actually constructed the Project, knowing that the design was substantially similar to a design copyright held by Tiseo, a wrongful copyright infringement that caused damage to Tiseo.

61.     Pursuant to **17 USC § 101** and **17 USC § 102** copyright protection extends to " . . . the design of a building as embodied in any tangible medium of expression, including a building . . .".

62.     The construction of the Project itself is therefore itself an infringement.

63.     In addition, on information and belief NC is under contract to construct and is in fact constructing the Project.

64.     The NC construction work will result in a building that reflects and embodies the Tiseo design and is therefore itself an infringement.

65.     Including in but not limited to the above enumerated particulars, defendant NC, by directly copying the Tiseo design work product for the Project and/or accessing it and preparing substantially similar versions, and by constructing the Project has prepared

15

copies of the plans, drawings, and architectural works or infringed in other ways on the rights protected by registration VA 2-458-779, in contravention of Tiseo's exclusive rights under **17 USC § 106**, and is subject therefore to damages in favor of Tiseo as provided in the US Copyright Statute.

66.     Occasioned on the infringement of its exclusive copyrights including in but not limited to the particulars as set out above, Tiseo has sustained and will sustain financial injury and damage.  Pursuant to the US Copyright Statute, its remedies include;

A.     An order pursuant to **17 USC § 503(a)(1)** impounding and disposing of all infringing copies of the work product at issue together with an order enjoining any further non-authorized use of the Tiseo copyrighted designs; and

B.     Recovery of the infringer's profits together with actual Tiseo damages pursuant to **17 USC § 503(a)(1)** and/or because the infringement was intentional, statutory damages pursuant to **17 USC § 503(a)(2)**; and

C.     Recovery of costs and reasonable attorney's fees pursuant to **17 USC § 505**

**WHEREFORE** Plaintiff **TISEO ARCHITECTS, INC.** respectfully prays for judgment in its favor and against Defendant NC DESIGNERS & CONTRACTING, INC. in an amount as borne by the evidence, together with an order that all infringing copies be impounded and disposed of, an order prohibiting any and all further infringement, and an order taxing to Defendant NC all costs and Attorney's fees wrongfully incurred in the course of formulating and prosecuting this cause.

## Count III
## Copyright Infringement against Defendant Chase

67.     Tiseo incorporates the substance of paragraph(s) 1 through 66 above, as if such were set forth and repled verbatim herein.

16

68.     Chase contracted with Tiseo for the preparation of a design for the Project

69.     On information and belief, the express intent for the construction of the Project was to design and construct a duplicate of the copyrighted Tiseo design.

70.     On information and belief defendant Chase refused Tiseo's offer to prepare the construction documents for the Project because it believed defendant NC would perform that same work "for free".

71.     Defendant Chase furnished copies of Tiseo's copyrighted documents to defendant NC for the express purpose of preparing construction documents that duplicated the copyrighted design thereby cheating Tiseo out of its exclusive right to exploit its copyrighted documents and design for profit.

72.     Comparing the overall construction documents defendants NC and Ai-Saati prepared to the copyrighted Tiseo design it is apparent the documents are either a direct copy of the Tiseo design, or at a minimum are substantially similar

73.     Defendant Chase contracted for the willful and intentional preparation of designs and documents for the Project, knowing and intending that the design was a direct copy of a design the copyright of which was held by Tiseo, a wrongful copyright infringement that caused damage to Tiseo.

74.     In the alternative, defendant Chase contracted for the willful and intentional preparation of designs and documents for the Project, knowing and intending that the design was substantially similar to a design the copyright of which was held by Tiseo, a wrongful copyright infringement that caused damage to Tiseo.

75.     Defendant Chase thereafter furnished the infringing NC / Al-Saati

17

documents to defendant Will Carleton for purposes of constructing the project.

76. Including in but not limited to the above enumerated particulars, defendant Chase, by organizing the direct copying of the Tiseo design work product for the Project and/or accessing it and arranging the production of substantially similar versions of a design protected by VA 2-458-779, violated and contravened Tiseo's exclusive rights under **17 USC § 106**, and is subject therefore to damages in favor of Tiseo as provided in the US Copyright Statute.

77. Occasioned on the infringement of its exclusive copyrights including in but not limited to the particulars as set out above, Tiseo has sustained and will sustain financial injury and damage. Pursuant to the US Copyright Statue, its remedies include;

A. An order pursuant to **17 USC § 503(a)(1)** impounding and disposing of all infringing copies of the work product at issue together with an order enjoining any further non-authorized use of the Tiseo copyrighted designs; and

B. Recovery of the infringer's profits together with actual Tiseo damages pursuant to **17 USC § 503(a)(1)** and/or because the infringement was intentional, statutory damages pursuant to **17 USC § 503(a)(2)**; and

C. Recovery of costs and reasonable attorney's fees pursuant to **17 USC § 505**

**WHEREFORE** Plaintiff **TISEO ARCHITECTS, INC.** respectfully prays for judgment in its favor and against Defendant CHASE ROAD BUILDING, LLC in an amount as borne by the evidence, together with an order that all infringing copies be impounded and disposed of, an order prohibiting any and all further infringement, and an order taxing to Defendant Chase all costs and Attorney's fees wrongfully incurred in the course of formulating and prosecuting this cause.

18

## Count IV
## Copyright Infringement against Defendant Will Carleton

78.     Tiseo incorporates the substance of paragraph(s) 1 through 77 above, as if such were set forth and repled verbatim herein.

79.     On information and belief defendant Will Carleton owns the reality on which the Project is being built together with the Project itself.

80.     On information and belief defendant Will Carleton will own and operate the completed Project.

81.     Defendant Will Carleton will make substantial profit from the ownership and operation of the Project

82.     On or about August 27, 2025, defendant Will Carleton caused a building permit application to be submitted for purposes of securing permission to construct the Project.

83.     The August 27, 20205 building permit application was accompanied by documents prepared by defendant NC and/or defendant Al-Saati which infringe Tiseo's copyright in the specifics as alleged above.

84.     Defendant Will Carleton will cause or has caused the Project to be built in accordance with the documents which comprise the August 27, 2025, building permit application.

85.     On information and belief, the express intent for the construction of the Project was to design and construct a duplicate of the copyrighted Tiseo design.

86.     Defendant Will Carleton willfully and intentionally accepted designs and documents for the Project, knowing that the design was a direct copy of a copyrighted

19

design owned by Tiseo, a wrongful copyright infringement that caused damage to Tiseo.

87.     In the alternative, defendant Will Carleton willfully and intentionally accepted designs and documents for the Project, knowing that the design was a direct copy of a copyrighted design owned by Tiseo, a wrongful copyright infringement that caused damage to Tiseo.

88.     Pursuant to **17 USC § 101** and **17 USC § 102** copyright protection extends to " . . . the design of a building as embodied in any tangible medium of expression, including a building . . .".

89.     The construction of the Project itself is therefore itself an infringement.

90.     In addition, on information and belief defendant Will Carleton has placed NC under contract to construct and NC is in fact constructing the Project.

91.     The construction work will result in a building that reflects and embodies the Tiseo design and is therefore itself an infringement.

92.     Including in but not limited to the above enumerated particulars, defendant Will Carleton, by organizing, accepting and employing direct copies of the Tiseo design work product for the Project and/or organizing, accepting and employing substantially similar versions of a design , and actually constructing the Project pursuant to work protected by VA 2-458-779, violated and contravened Tiseo's exclusive rights under **17 USC § 106**, and is subject therefore to damages in favor of Tiseo as provided in the US Copyright Statute.

93.     Occasioned on the infringement of its exclusive copyrights including in but not limited to the particulars as set out above, Tiseo has sustained and will sustain

20

financial injury and damage.  Pursuant to the US Copyright Statute, its remedies include;

A.      An order pursuant to **17 USC § 503(a)(1)** impounding and disposing of all infringing copies of the work product at issue together with an order enjoining any further non-authorized use of the Tiseo copyrighted designs; and

B.      Recovery of the infringer's profits together with actual Tiseo damages pursuant to **17 USC § 503(a)(1)** and/or because the infringement was intentional, statutory damages pursuant to **17 USC § 503(a)(2)**; and

C.      Recovery of costs and reasonable attorney's fees pursuant to **17 USC § 505**

**WHEREFORE** Plaintiff **TISEO ARCHITECTS, INC.** respectfully prays for judgment in its favor and against Defendant WILL CARLETON & 275 BUILDING, LLC, in an amount as borne by the evidence, together with an order that all infringing copies be impounded and disposed of, an order prohibiting any and all further infringement, and an order taxing to Defendant Will Carleton all costs and Attorney's fees wrongfully incurred in the course of formulating and prosecuting this cause.

## Count V
## Violation of the Lanham Act against defendant Al-Saati

94.      Tiseo incorporates the substance of paragraph(s) 1 through 93 above, as if such were set forth and repled verbatim herein.

95.      This count arises under the provisions of the Lanham Act, **15 U.S.C. §§ 1051** et. seq.

96.      **§43** of the Lanham Act **(15 U.S.C. §1125) False designations of origin; false description or representation** provides at part (a) as follows;

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false

21

or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . .

\* \* \*

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

97. Tiseo performed the design services and the author, creator and therefore the origin of the design work for the Project

98. Defendant Al-Saati affixed his professional engineers seal to documents which reflect a direct copy of or which are substantially similar to the designs and documents Tiseo prepared for the project, thereby representing and claiming that he personally prepared the materials his sealed documents reflect, and/or that he personally supervised the preparation thereof.

99. Defendant Al-Saati has therefore claimed and represented that he is the origin of the design work reflected by his sealed documents.

100. Defendant Al-Saati placed the sealed documents into the stream of commerce.

101. Defendant Al-Saati's claims and representations are a false designation of origin, false or misleading descriptions of fact, and false or misleading representations of fact, which are likely to cause confusion, or to cause mistake, as to the origin of the Tiseo's design work by other persons.

102. Defendant Al-Saati has therefore violated the provisions of the Lanham Act

22

and is liable in this civil action to Tiseo as a person who believes that it is or is likely to be damaged by defendant Al-Saati's acts.

WHEREFORE Plaintiff **TISEO ARCHITECTS, INC.** respectfully prays for judgment in its favor and against Defendant ADNAN H. Al-SAATI in an amount as borne by the evidence, together with an order taxing to Defendant Al-Saati all costs and Attorney's fees wrongfully incurred in the course of formulating and prosecuting this cause.

## Count VI
## Violation of the Lanham Act against defendant NC

103. Tiseo incorporates the substance of paragraph(s) 1 through 102 above, as if such were set forth and repled verbatim herein.

104. This count arises under the provisions of the Lanham Act, **15 U.S.C. §§ 1051** et. seq.

104. **§43** of the Lanham Act **(15 U.S.C. §1125) False designations of origin; false description or representation** provides at part (a) as follows;

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . .

> \* \* \*

> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

105. Tiseo performed the design services, and is the author, creator and

therefore the origin of the design work for the Project

106. Defendant NC affixed its logo, address and telephone number to documents which reflect a direct copy of, or which are substantially similar to the designs and documents Tiseo prepared for the project, thereby representing and claiming that it prepared the documents in some capacity.

107. Defendant NC has therefore claimed and represented that it is the origin of the design work reflected by documents submitted in support of the August 27, 2025, building permit application as alleged more fully above.

108. Defendant NC placed the documents into the stream of commerce.

109. Defendant NC's claims and representations are a false designation of origin, false or misleading descriptions of fact, and false or misleading representations of fact, which are likely to cause confusion, or to cause mistake, as to the origin of the Tiseo's design work by other persons.

110. Defendant NC has therefore violated the provisions of the Lanham Act and is liable in this civil action to Tiseo as a person who believes that it is or is likely to be damaged by defendant NC's acts.

**WHEREFORE** Plaintiff **TISEO ARCHITECTS, INC.** respectfully prays for judgment in its favor and against Defendant NC DESIGNERS & CONTRACTING, INC. in an amount as borne by the evidence, together with an order taxing to defendant NC all costs and Attorney's fees wrongfully incurred in the course of formulating and prosecuting this cause.

<u>**Count VII**</u>
<u>**Conspiracy to Violate the Lanham Act against Defendants NC**</u>

24

**and Al-Saati**

111.   Tiseo incorporates the substance of paragraph(s) 1 through 110 above, as if such were set forth and repled verbatim herein.

112.   The elements of civil conspiracy are: (1) a concerted action; (2) by a combination of two or more persons to; (3) to accomplish an unlawful purpose.

113.   Defendant(s) NC and Al-Saati are separate legal beings and therefore constitute two separate and distinct persons

114.   Defendant(s) NC and Al-Saati engaged in concerted action including in but not limited to the following particulars;

A.   Defendant(s) NC and Al-Saati acquired possession of Tiseo's copyrighted documents.

B.   Tiseo's copyrighted documents dear a designation notifying anyone who comes into possession of any copies that the documents are subject to copyright

C.   Defendant(s) NC and Al-Saati agreed that defendant Al-Saati would prepare construction documents predicated on Tiseo's copyrighted documents

D.   Defendant(s) NC and Al-Saati agreed the construction documents Al-Saati would prepare would be a direct copy of Tiseo's copyrighted documents and/or would be substantially similar thereto

E.   Pursuant to that agreement defendant Al-Saati actually prepared construction documents that are a direct copy of Tiseo's copyrighted documents and/or would be substantially similar thereto

F.   The documents Al-Saati prepared make no reference to Tiseo, but instead bear his professional engineer's seal attesting to the proposition that he is the author and the source of the design

G.   In addition, the documents Al-Saati prepared bear the NC's logo, address and contact information attesting to the proposition that NC is the course of the design

25

115.    As the Al-Saati documents misrepresent the source of the copyrighted design, Defendant(s) NC and Al-Saati created a false designation of origin, false or misleading descriptions of fact, and false or misleading representations of fact, which are likely to cause confusion, or to cause mistake, as to the origin of the Tiseo's design work by other persons.

116.    Defendant(s) NC and Al-Saati have therefore violated the provisions of the Lanham Act and is liable in this civil action to Tiseo as a person who believes that it is or is likely to be damaged by defendant NC's acts.

117.    The purpose of the concerted action by Defendant(s) NA and Al-Saati was to accomplish a violation of the Lanham Act.

118.    A violation of the Lanham Act is an unlawful purpose

119.    Defendant(s) NC and Al-Saati have therefore organized, and participated in a conspiracy to violate the Lanham Act

WHEREFORE Plaintiff **TISEO ARCHITECTS, INC.** respectfully prays for judgment in its favor and against Defendants NC DESIGNERS & CONTRACTING, INC. and ADNAN H. AL-SAATI, jointly and severally, in an amount as borne by the evidence, together with an order taxing to Defendant(s) NC and Al-Saati all costs and Attorney's fees wrongfully incurred in the course of formulating and prosecuting this cause.

## Count VIII
### Conspiracy to Commit Copyright Infringement against all Defendants

120.    Tiseo incorporates the substance of paragraph(s) 1 through 119 above, as if such were set forth and repled verbatim herein.

26

121. The elements of civil conspiracy are: (1) a concerted action; (2) by a combination of two or more persons to; (3) to accomplish an unlawful purpose.

122. Defendant(s) NC, Chase, Will Carleton and Al-Saati are four separate legal beings and therefore constitute four separate and distinct persons

123. Defendant(s) NC, Chase, Will Carleton and Al-Saati engaged in concerted action including in but not limited to the following particulars;

A. The Defendant(s) acquired possession of Tiseo's copyrighted documents.

B. Tiseo's copyrighted documents dear a designation notifying anyone who comes into possession of any copies that the documents are subject to copyright

C. In order to avoid paying Tiseo for the production of construction documents, Defendant(s) Chase and NC agreed that NC would produce a direct copy of the copyrighted documents and/or a copy that was substantially thereto "for free".

D. Defendant NC engaged Al-Saati to produce construction documents that would be a direct copy of the copyrighted documents and/or a copy that was substantially thereto.

E. Defendant Al-Saati in fact prepared construction documents that were a direct copy of the copyrighted documents and/or a copy that was substantially thereto.

F. Defendant(s) Will Carleton and NC applied for aa building permit based on the documents NC and Al-Saati prepared which infringed on Tiseo's copyright

G. Defendant(s) Will Carleton and NC are constructing a building in accordance with the building permit which itself will be either a direct copy of the copyrighted Tiseo design or will be substantially similar thereto

124. Had any of the defendants declined to take the actions they in fact took the results of their concerted efforts would have been different

27

125.    The defendants have therefore committed copyright infringement

126.    The purpose of the concerted action by the Defendant(s) was to accomplish copyright infringement.

118.    Copyright infringement is an unlawful purpose

119.    The Defendant(s) have therefore organized, and participated in a conspiracy to infringe Tiseo's copyright

**WHEREFORE** Plaintiff **TISEO ARCHITECTS, INC.** respectfully prays for judgment in its favor and against Defendants NC DESIGNERS & CONTRACTING, INC., ADNAN H. AL-SAATI, CHASE ROAD BUILDING, LLC, and WILL CARLETON & 275 BUILDING, LLC jointly and severally, in an amount as borne by the evidence, together with an order taxing to the Defendants all costs and Attorney's fees wrongfully incurred in the course of formulating and prosecuting this cause.

FRERICK F. BUTTERS, PLLC

June 22, 2026                                    BY:    s/ Frederick F. Butters
                                                        Frederick F. Butters (P45426)
                                                        Attorney for Plaintiff
                                                        26677 West 12 Mile Road
                                                        Southfield, Michigan 48034
                                                        (248) 357-0831
                                                        fred@butters-law.com